IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERIC R. FRY,                           :
                                       :
                 Petitioner,           :
                                       :    **CONSOLIDATED**
         v.                            :    Civil Action No. 24-467-CFC
                                       :    Civil Action No. 24-468-CFC
                                       :
PHIL PARKER, Warden, and               :
ATTORNEY GENERAL OF THE                :
STATE OF DELAWARE,                     :
                                       :
                 Respondents.          :

---

## MEMORANDUM

### I.   INTRODUCTION

*Pro se* petitioner Eric R. Fry ("Petitioner") filed in this Court two separate

Delaware Superior Court form applications titled "Petition for a Writ of Habeas Corpus"

("Petitions"), which triggered the opening of the instant habeas proceedings captioned

above.  (D.I. 1)  Although the Petitions identify two different state court proceedings,

they raise similar speedy trial challenges to Petitioner's detention in the Howard R.

Young Correctional Institution in Wilmington, Delaware and are brought against the

same Respondents.  (D.I. 1 in Civ. A. No. 24-467-CFC; D.I. 1 in Civ. A. No. 24-468-

CFC)  Thus, the Court liberally construes the Petitions in Civil Action Nos. 24-467-CFC

and 24-468-CFC as seeking federal habeas relief with respect to Petitioner's pre-trial

custody.  Additionally, since the Petitions involve common questions of law and fact, the

Court will *sua sponte* consolidate the actions to avoid unnecessary costs and delay. *See* Fed. R. Civ. P. 42(a)(2).

## II.   STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds, a federal court cannot exercise jurisdiction at the pre-trial stage without exhaustion of state remedies, unless extraordinary circumstances are presented. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 443(3d Cir. 1975*); Braden v. 30ᵗʰ Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

## III.   DISCUSSION

Petitioner asserts that "no trial" has occurred in Delaware Superior Court Criminal Case Nos. 2303001397 (D.I. 1 at 1 and D.I. 4-3 at 18, 24-25 in *Fry*, Civ. A. No. 24-467-

2

CFC) and 2212003817 (D.I. 1 at 1 and D.I. 4-3 at 22, 24-25 in *Fry*, Civ. A. No. 24-468-CFC), and complains that the Superior Court denied the speedy trial motions he filed in those cases. Given these assertions, it appears that Petitioner is not in custody pursuant to a state court judgment and that he is challenging his pre-trial custody on speedy trial grounds. Petitioner has not indicated that he has exhausted state remedies, nor has he presented any extraordinary circumstances justifying the Court's interference with his pending state court proceedings without having first exhausted state remedies. Therefore, the Court will summarily dismiss the instant Petitions for failing to present a proper basis for pre-trial habeas relief.

## IV.   CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petitions without prejudice. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: August  23 , 2024

Colm F. Connolly
Chief Judge

3